UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    CASE NO. 15-30440

v.

D-1  DEREK MICHAEL TAGG,

      Defendant.
_____/

## STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and complaint from July 29, 2016 to September 9, 2016 at 1:00PM.

**IT IS FURTHER STIPULATED** that the time period from July 29, 2016, through and including September 9, 2016, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1.	On September 18, 2015, a criminal complaint charged Defendant with possession, access with intent to view, and receipt of child pornography (in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(a)(2));

2.	A forensic examination of Defendant's electronic items is currently underway;

3.	The parties agree that additional time is necessary to permit plea negotiations.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

-3-

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/*Sara D. Woodward* | s/*Jonathan Epstein* |
| Sara D. Woodward | Jonathan Epstein |
| Assistant United States Attorney | Federal Defender Office |
| 211 W. Fort Street, Suite 2001 | 513 Abbott |
| Detroit, Michigan  48226 | Detroit, Michigan 48226 |
| Phone:  313-226-9180 | Phone:  313-967-5840 |
| E-Mail: sara.woodward@usdoj.gov | E-Mail: jonathan_epstein@fd.org  Click here to enter text. |

Dated:  July 29, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CASE NO. 15-30440

v.

D-1  DEREK MICHAEL TAGG,

       Defendant.
_____/

## ORDER TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the preliminary examination and complaint is continued from July 29, 2016 to September 9, 2016 at 1:00PM.

**IF IS FURTHER ORDERED** that the time period from July 29, 2016, through and including September 9, 2016, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the

-1-

-2-

preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On September 18, 2015, a criminal complaint charged Defendant with possession, access with intent to view, and receipt of child pornography (in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(a)(2));

2. A forensic examination of Defendant's electronic items is currently underway;

3. The parties agree that additional time is necessary to permit plea negotiations.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

-3-

This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed. The criminal complaint, signed on September 18, 2015, remains in full force and effect until September 9, 2016.

**IT IS SO ORDERED.**


s/Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE


Date Entered:  August 1, 2016